UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

PJSC AZOVSTAL IRON & STEEL WORKS,

                              Petitioner,

- against -

MARCO INTERNATIONAL CORPORATION,

                              Respondent.

-------------------------------------------------------------x



## PETITION FOR AN ORDER CONFIRMING FOREIGN ARBITRAL AWARDS

Petitioner PJSC Azovstal Iron & Steel Works ("Azovstal"), pursuant to Section 207 of the Federal Arbitration Act, 9 U.S.C. § 207, hereby petitions for an Order confirming foreign arbitral awards issued against Respondent Marco International Corporation ("Marco") in Kiev, Ukraine on July 8, 2010, August 6, 2010, and November 25, 2010:

### Jurisdiction and Venue

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 9 U.S.C. § 203, the latter section compromising part of Chapter 2 of the Federal Arbitration Act, enacting the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of 1958 (the "New York Convention").

2.     The United States is a signatory to the New York Convention.

3.     Ukraine is a signatory to the New York Convention.

4.     Venue in this Court is proper pursuant to 9 U.S.C. § 204.

### The Parties

5. Petitioner Azovstal is a company registered under the laws of Ukraine, with its principal place of business at Leporskogo 1, Mariupol, Ukraine.

6. Respondent Marco is a company registered with the New York State Department of State to do business in New York, with a principal place of business at One Penn Plaza, Suite 2514, New York, New York.

### The Agreement

7. On March 25, 2009, Azovstal and Marco signed "Contract No. 0161/02-148" with Appendix No. 1 (the "Contract") whereby Marco agreed to sell and deliver to Azovstal 360 MT +/- 10% of granulated magnesium (the "Goods"). (A copy of the Contract is annexed Exhibit 1.)

8. The parties agreed to resolve disputes through arbitration before the International Commercial Arbitration Court at the Ukrainian Chamber of Commerce and Industry (Kiev) ("ICAC"). (Contract, § 11.1.)

9. The parties agreed that Ukraine law would govern the Contract and that the Rules of ICAC would govern any arbitration. (Contract, §§ 11.2-3.)

10. The parties further agreed that any arbitral award would be final and obligatory on both parties. (Contract, § 11.5.)

### Marco's Breach of Contract

11. After Azovstal prepaid for the Goods, on June 22, July 31, and September 28, 2009, Marco delivered 250 MT of Goods which did not comply with Contract specifications.

## The Arbitration Proceedings

12. As a result, on December 23, 2009, Azovstal filed a Statement of Claim with ICAC demanding arbitration of its claim for breach-of-contract damages and losses.

13. On February 22, 2010, Marco submitted a Statement of Defense to ICAC.

14. On March 25, 2010, after the parties could not agree to an arbitrator, the President of the Chamber of Commerce and Industry of Ukraine appointed Vinokurova Lyudmila Fyodorovna as Arbitrator, pursuant to Clauses 6.1 and 11.3 of the Law of Ukraine on International Commercial Arbitration.

15. On May 28 and June 10, 2010, the parties attended hearings before Arbitrator Fyodorovna.

16. On July 8, 2010, Arbitrator Fyodorovna issued an Award in favor of Azovstal and against Marco in the amount of $980,461.46. A true and correct copy of the original Award with translation is annexed Exhibit 2.[1]

17. The Award recites the events stated above in paragraphs 12 through 15.

18. On August 6, 2010, Arbitrator Fyodorovna issued a Supplementary Award, correcting the amount of the Award in favor of Azovstal and against Marco from $980,461.46 to $981,036.43 to reflect the appropriate apportionment of the arbitrator's fees between the parties.

---

[1] A copy of the back page of the Award, containing the seal of ICAC, is annexed to the Award. The translation is certified by translator Olena Romanko and her signature is notarized by Ruslan Skalun. A copy of the back page of the translation, containing the apostille and seal of the Ministry of Justice of Ukraine, is annexed after the translation.

A true and correct copy of the August 6, 2010 Supplementary Award with translation is annexed Exhibit 3.[2]

19. On November 25, 2010, Arbitrator Fyodorovna issued a further Supplementary Award, to include the New York address of Marco which was omitted from the original Award. A true and correct copy of the November 25, 2010 Supplementary Award with translation is annexed Exhibit 4.[3]

### Confirmation of The Awards

20. Petitioner restates the allegations of paragraphs 1 through 19 above.

21. Pursuant to 9 U.S.C. § 207, any party seeking to confirm a foreign arbitral award falling under the Convention may do so within three years after the award has been issued.

22. In accordance with 9 U.S.C. § 202, an arbitral award falls under the New York Convention if it arose from a commercial legal relationship between the parties.

23. The Contract established a commercial legal relationship between the parties, and the July 8, 2010 Award and the August 6 and November 25, 2010 Supplementary Awards arise out of Marco's breach of the Contract.

24. The Awards were issued less than three years ago.

---

[2] The August 6, 2010 Supplementary Award, with English translation, is authenticated in the same manner as the July 8, 2010 Award, as described in Footnote 1.

[3] The November 25, 2010 Supplementary Award with English translation, is authenticated in the same manner as the July 8, 2010 Award, as described in Footnote 1.

WHEREFORE, Petitioner Azovstal, pursuant to 9 U.S.C. § 207, respectfully petitions this Court for an Order:

(a) confirming the Award of July 8, 2010 and the Supplementary Awards of August 6 and November 25, 2010;

(b) granting Azovstal judgment against Marco in the sum of $981,036.43;

(c) awarding Azovstal attorneys' fees and costs; and

(d) granting Azovstal such other and further relief the Court deems just and proper.

Dated: New York, New York
January 21, 2011

DLA PIPER LLP (US)

*/s/ David Wenger*

Stanley McDermott III
David Wenger
1251 Avenue of the Americas
New York, New York 10020-1104
Tel: (212)335-4500
Fax: (212)884-8490
stanley.mcdermott@dlapiper.com
david.wenger@dlapiper.com

*Counsel for Petitioner Azovstal*